IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20059
_____


ANTHONY R. MAGDALENO, II,

Plaintiff-Appellant,

versus

HOUSTON INDEPENDENT SCHOOL
DISTRICT; ROD PAIGE, Dr.,

Defendants-Appellees.
_____

Appeal from the United States District Court for the
Southern District of Texas
(H-96-CV-2492)
_____
December 16, 1997

Before JOLLY, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Anthony R. Magdaleno appeals the dismissal of his racial discrimination claim and other claims against the Houston Independent School District ("HISD") and Dr. Rod Paige, its superintendent. We affirm.

In April 1996, Magdaleno brought claims against Paige and the HISD pursuant to 42 U.S.C. § 1981, alleging that he had been unlawfully discharged on the basis of race. He also claimed that

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he was discharged in retaliation for filing a grievance and opposing Paige's appointment as superintendent in violation of his rights under the First Amendment. Paige responded with a defense of qualified immunity, and moved for a Rule 7 reply or, in the alternative, dismissal pursuant to Rule 12(b)(6).

The district court took up the question at a Rule 16 pretrial conference, after specifically informing the parties that it would deal with all pending motions at that time. At the hearing, the district court pressed Magdaleno for any additional facts he could allege to overcome the heightened pleading requirement invoked by Paige's assertion of qualified immunity. Magdaleno could not point to any facts that tended to establish that anyone had acted unlawfully with respect to his discharge, and the court concluded that ordering a Rule 7 reply would be futile. It therefore dismissed the claims against Paige. This was a perfectly acceptable application of the heightened pleading rule as laid down in <u>Shultea v. Wood</u>, 47 F.3d 1427, 1433 (5th Cir. 1995), and we affirm this part of the district court's judgment without further comment.

Seeing that Magdaleno truly lacked any evidence of wrongful action or motives on the part of anyone at the HISD with respect to his discharge, the district court then proceeded to dismiss the remainder of his claims against the HISD sua sponte. It is

somewhat unclear from the record whether this dismissal was for failure to state a claim under Rule 12(b)(6) or as a summary judgment under Rule 56. As Magdaleno's claims were manifestly sufficient to survive 12(b)(6) dismissal, we construe the district court's action as a sua sponte grant of summary judgment. Because this grant failed to conform to the notice and other requirements of Rule 56, it was a procedural error. Nonetheless, this error was harmless.

In <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 28 F.3d 1388, 1398 (5th Cir. 1994), we held that the sua sponte grant of summary judgment without benefit of notice was a procedural error subject to harmless error review. In this case, it is clear that Magdaleno simply could not point to any facts that tended to prove wrongful action or motives on the part of anyone at HISD with respect to his discharge. Because neither of his claims against HISD could have succeeded without such a showing, Magdaleno could not have survived summary judgment in any event. The sua sponte grant of summary judgment was therefore not prejudicial, and any procedural irregularities were harmless under <u>Leatherman</u>. Accordingly, the judgment of the district court is

A F F I R M E D.